UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


MOSES ROTHSCHILD                          CIVIL ACTION

v.                                        NO. 12-848

AMTRAK                                    SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is the National Railroad Passenger Corporation's (Amtrak's) motion for summary judgment.  For the reasons that follow, the motion is GRANTED.

**Background**

This lawsuit arises from damages suffered as a result of the alleged improper disclosure of an employee's medical information in the workplace.

In February 2011 Moses Rothschild was working for the National Railroad Passenger Corporation (Amtrak) when he requested medical leave.  Three days before he took medical leave, on March 7, 2011, Mr. Rothschild went to his supervisor's office to discuss a work order dispute.  After resolving the dispute, Mr. Rothschild informed his supervisor, Raul Delgado, and another supervisor General Foreman, Pat Toner, that he was taking on medical leave.

1

When Mr. Delgado asked if he minded telling him the reason for his leave, Mr. Rothschild stated that he was having surgery for prostate cancer.  Mr. Rothschild suggests that "I told them[1] about my problem which I thought would remain confidential and remain in my supervisor's office."  But, according to Mr. Rothschild, his medical condition did not remain confidential because other co-workers know about his medical condition and he received calls while he was at the hospital recovering from co-workers that should not have known about his medical condition.

On March 30, 2012 Mr. Rothschild sued Amtrak, asserting claims under 42 U.S.C. §§ 1981 and 1983 for violation of privacy.  In his complaint and amended complaint, Mr. Rothschild asserts that on April 1, 2011 he was informed that former employee, Derrick Anderson, is aware of his medical condition and "the only way that he could have gotten this information was from Mr. Walters [and] Mr. Walters and Mr. Anderson are still very good friends."  Mr. Rothschild also asserts that another co-worker, Ms. Stephanie Green found out that Mr. Rothschild had cancer and told Foreman Rita Claiborne.  Finally, he asserts that yet another foreman, Jerry Nee also found out about his medical condition.  In an affidavit, Mr. Rothschild states that he received calls from co-workers (Rita Claiborne and Sandra Schexnaydre), inquiring about his medical

---

[1]In his complaint, Mr. Rothschild states that he "cannot recall if General Foreman Forest Walter was [also] in the office."

2

condition.  Mr. Rothschild contends that, as a result of the public disclosure of his medical condition, he has suffered anxiety, weight loss, depression, anger, betrayal, wage loss, loss of work, embarrassment, and that he was forced to retire.

Amtrak now seeks summary relief dismissing Mr. Rothschild's claims.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett,

477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.
### A.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to Amtrak's motion for summary judgment, noticed for submission on February 20, 2013, was submitted until February 15, 2013.  And even the opposition papers that were submitted untimely were marked 'DEFICIENT' by the Clerk's Office because counsel for plaintiff failed to submit a separate statement of contested material facts in compliance with Local Rule 56.2.  However, even considering the arguments raised by the plaintiff in his opposition papers, the Court finds that the defendant is entitled to judgment as a matter

of law on the plaintiff's two claims; therefore, summary relief is appropriate.

*B.*

In his complaint, Moses Rothschild alleges that, when asked by his supervisor why he was taking medical leave, he told his supervisor (and another person in the office) that he required treatment for prostate cancer.  He suggests that he expected that they would keep his medical condition confidential.  However, Mr. Rothschild suggests that his medical condition must have been discussed with other people at the workplace because "my medical condition is all over the job."  He contends that this violated his right to privacy under 42 U.S.C. §§ 1981, 1983.

Amtrak contends that it is entitled to judgment as a matter of law on both of the plaintiff's claims because the plaintiff's only "evidence" in support of his claims is conjecture, speculation, and hearsay.  As Amtrak explains, "[t]he crux of Rothschild's lawsuit is that he heard from a co-worker, or in some cases heard from a co-worker as relayed by a third co-worker, that individuals at Amtrak discussed that fact that [he] was on leave for prostate surgery."  Because the plaintiff has failed to prove essential elements of both of his claims, Amtrak is entitled to summary relief.

1.   Plaintiff's § 1981 claim fails as a matter of law.

First, Amtrak seeks summary relief dismissing Rothschild's 42

5

U.S.C. § 1981 claim because the plaintiff denies that he is being discriminated against because of his race.  Section 1981 provides that all persons shall have the same right to make and enforce contracts as is enjoyed by white citizens; its applicability is limited to alleged discrimination on the basis of race or alienage. See Runyon v. McCrary, 427 U.S. 160, 168-69 (1976).  Amtrak points out that Mr. Rothschild testified in his deposition that his lawsuit has nothing to do with his race, and that he concedes that he did not have any contractual relationship with Amtrak.  Because the plaintiff cannot establish the elements of his § 1981 claim, Amtrak is entitled to judgment as a matter of law in its favor, dismissing this claim.  Summary judgment is proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Thus, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.   Id. Rothschild has failed to advance any legal argument in support of his § 1981 claim, let alone submit any evidence in support of a race discrimination claim; in fact, he does not mention race discrimination in his opposition papers.

2.   Plaintiff has failed to establish essential elements of his § 1983 claim.

Amtrak next requests summary relief dismissing Mr. Rothschild's § 1983 claim.   To prevail on a claim under § 1983, a plaintiff must establish that (1) he has been deprived of a right secured by the Constitution and laws of the United States; and (2) the deprivation was caused by a person or persons acting under color of state law.  Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999)(citation omitted).  "[A] non-state actor may be liable...if the private citizen was a willful participant in joint activity with the State or its agents."  Priester v. Lowndes County, 354 F.3d 414, 419 (5th Cir. 2004).  The deprivation must be intentional; negligent conduct cannot serve as a basis for a § 1983 claim.   See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citation omitted).

Amtrak contends that Mr. Rothschild has failed to identify any right secured by the Constitution or laws of the United States of which he has been deprived, that he has no evidence that the deprivation was caused by a person or persons acting under color of state law, and that even if he could show that Amtrak was a state actor, Mr. Rothschild testified that no one at Amtrak acted *intentionally* to harm him or violate his privacy.  Mr. Rothschild fails to address Amtrak's arguments on the merits.  He simply submits an affidavit stating that he received phone calls from co-workers asking about his condition and recovery, and that there is

7

no way his co-workers could have known about his condition unless Mr. Delgado and Mr. Toner divulged the information.

Thus, Mr. Rothschild insists that a genuine dispute as to a material fact remains because he contends that his right to privacy was violated and Amtrak denies this. But, even assuming there is a genuine dispute as to whether Mr. Rothschild's privacy rights were violated, Mr. Rothschild fails to advance any argument in support of the other essential elements of his § 1983 claim: he submits no evidence or argument demonstrating that the deprivation was intentional, or that it was caused by a person or persons acting under color of state law.

Again, Amtrak is entitled to judgment as a matter of law in its favor, dismissing the plaintiff's § 1983 claim. The plaintiff has failed to submit any evidence or argument supporting the theory that Amtrak is a *state* actor for the purposes of § 1983.[2] He has likewise failed to submit any evidence that Amtrak intentionally deprived him of his privacy rights. Because the plaintiff has failed to establish essential elements of his § 1983 claim, summary judgment is appropriate.

---

[2]It seems clear that Amtrak is not a state actor for the purposes of § 1983. See Smith v. Amtrak Railways, U.S.A., No. 10-373, 2010 WL 891933, at *2 (E.D. Cal. Mar. 9, 2010)(citing Lebron v. National Railroad Passenger Corporation, 513 U.S. 374, 394 (1995)(determining that Amtrak was agency or instrumentality of United States for purposes of constitutional rights)). Mr. Rothschild points to no contrary authority that would support his Section 1983 claim.

Accordingly, IT IS ORDERED: that Amtrak's motion for summary judgment is GRANTED.  The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, February 20, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

9